UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL MERRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>TAPESTRY, INC.,<br><br>    Defendant. | Case No. 23-cv-06671-RFL<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 63 |

      In December 2023, Vivian Salazar, a resident of Contra Costa County, California, filed a class action lawsuit against Tapestry, Inc., a Maryland corporation with its headquarters in Maryland. Salazar alleged that Tapestry's website violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* In her original and first amended complaint, Salazar alleged that Tapestry's website contained improperly coded form elements, which (a) prohibited her and members of the putative class from completing purchases on the website and (b) denied them the goods and services of Tapestry's brick-and-mortar retail stores. (Dkt. No. 1 at 7–8; Dkt. No. 18 at 7–8.) On June 24, 2025, the Court granted Salazar's motion for leave to file a second amended complaint to substitute Richard Paul Merrell, a resident of Riverside County, California, as the named plaintiff. (Dkt. No. 59.) The allegations in Merrell's second amended complaint largely resemble those in Salazar's first amended complaint, except that they concern Merrell's difficulties accessing the website and his local brick-and-mortar retail store in Riverside County, California.

Tapestry now moves to transfer this action to the Central District of California under 28 U.S.C. § 1404(a). The motion to transfer venue is **GRANTED**. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

Pursuant to section 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). Here, transferring the case to the Central District of California is proper because this action could have been brought there, and Tapestry has met its burden of showing that the balance of the section 1404(a) factors weigh in favor of transfer.

First, Merrell could have brought this action in the Central District of California. Under section 1391(b)(2), "a civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Merrell's claims arise from his attempts to use Tapestry's website while he was residing in Riverside County. (Dkt. No. 51-2 ("Second Amended Complaint" or "SAC") at ¶¶ 4, 28–32.) Merrell alleges that certain elements of the website were incompatible with his screen reader: When he attempted to add items to his online shopping cart, his screen reader did not announce that the items had in fact been added. (SAC at ¶ 29.) Because Merrell could not verify whether his desired items were in his shopping cart, he was unable to complete purchases through the website. (SAC at ¶ 29–30.) Additionally, his screen reader could not announce the content of the website's "Pickup Availability" window, precluding him from selecting a store for in-store pickup. (SAC at ¶ 31.) These shortcomings prevented him from taking advantage of Tapestry's "Pick Up In Store" service, which otherwise would have allowed him to pick up his items at one of Tapestry's brick-and-mortar locations near his residence, including one at the Promenade Temecula in Temecula, California. (SAC ¶¶ 28–32.) Merrell observes that he "is near Defendant's physical location in Temecula frequently," such that he "intends on visiting Defendant's physical locations to pick up goods after selecting in-store locations for pick up on Defendant's website." (SAC ¶ 32.) While Merrell also alleges that the accessibility issues affecting Tapestry's website "deterred him from accessing [Tapestry's] goods and services at the

2

specific locations, including . . . stores located in Contra Costa," all the events that are material to Merrell's complaint—namely, his use of the website and his inability to use Tapestry's "Pick Up In Store" service at nearby brick-and-mortar locations—occurred in the Central District.  (*See* SAC ¶ 30.)

Second, Tapestry has met its burden of demonstrating that the balance of the factors in section 1404(a) weigh in favor transferring this action to the Central District of California. Courts in this District routinely consider both private and public factors, including "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).  Importantly, however, no individual factor is dispositive, and district courts retain discretion to adjudicate motions to transfer venue on a case-by-case basis. *See Johnson v. Ford Motor Co.*, No. 23-CV-01375-PCP, 2023 WL 8654930, at *2 (N.D. Cal. Dec. 14, 2023).  At bottom, the party seeking transfer must show that "the balance of convenience clearly favors transfer." *Emps. Mut. Cas. Co. v. Sanctuary Sys., LLC,* No. 22-CV-02561-BLF, 2023 WL 309405, at *10 (N.D. Cal. Jan. 18, 2023) (citation omitted).

Tapestry has submitted sufficient evidence suggesting that the balance of convenience weighs in favor of transfer.  The convenience of the witnesses is typically the most important factor in a motion to transfer.  *See Flexible Funding, LLC v. Iron Mountain Info. Mgmt.*, No. C 05-02082 JSW, 2005 WL 2431241, at *3–4 (N.D. Cal. Sept. 30, 2005).  At the heart of Merrell's complaint is his allegation that due to accessibility issues on Tapestry's website, he was denied access to the services it offered "in conjunction with [Tapestry's] brick and mortar stores," specifically the one in Temecula.  (SAC at ¶¶ 30, 32.)  *See also Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 952 (N.D. Cal. 2006) (holding that ADA plaintiffs must "allege that there is a 'nexus' between the challenged service and the place of public accommodation," *i.e.*, "a physical place"); Cal. Civ. Code § 51(f).  Accordingly, in support of its

3

transfer motion, Tapestry argues that hearing the case in the Central District will be more convenient for witnesses employed at Tapestry's brick-and-mortar stores located near Merrell's residence, who will be able to testify as to "in-store policies relating to accessibility" and Tapestry's "Pick Up In Store" service. (Dkt. No. 63.)

These witnesses will provide crucial testimony going to the threshold issue of whether Merrell can establish a "nexus" between the services offered by Tapestry's website and its brick-and-mortar locations, as required to assert his ADA and Unruh Civil Rights Act claims. To be sure, Merrell did not ultimately visit any of Tapestry's brick-and-mortar locations due to the issues with the website. But the testimony of the employee witnesses could reveal the existence of any alternative policies or procedures to capable of facilitating in-store pickup by visually impaired customers. The employee witnesses are, therefore, important witnesses in this case.

Merrell correctly observes that certain non-party witnesses and various other relevant witnesses (such as Tapestry employees in New York and New Jersey involved in the challenged website's design and functionality) are located outside the Central District of California. But those witnesses are not located in the Northern District of California either, and travel to the Central District appears equally convenient from their locations as to the Northern District. Accordingly, the fact that transferring the case is more convenient for some important witnesses is sufficient to tip this factor in Tapestry's favor. *See Brown v. Newsom*, No. 23-CV-04040-RFL, 2024 WL 2853978, at *2 (N.D. Cal. May 1, 2024). And while Merrell contends that Tapestry fails to demonstrate with specificity the existence of any employee witnesses and describe their potential testimony, Tapestry's declarations that (1) it has brick-and-mortar stores in the Central District, (2) these brick-and-mortar stores are staffed by managers and other employees who (3) can testify to their stores' policies relating to accessibility and the "Pick Up In Store" service, and its identification by name of such witnesses (Dkt. No. 63-1; Dkt. No. 65-1), sufficiently inform the Court as to the identity of Tapestry's key witnesses, the general content of their testimony, and the testimony's relevance. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002).

The Central District also appears to be more convenient for the parties. Although Salazar, as original named plaintiff, elected to bring suit in the Northern District, her choice of forum merits little weight given the circumstances present in this case, where (a) Merrell, at all relevant times, resided in the Central District and (b) the events giving rise to his claims all occurred in the Central District. *See Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) ("[T]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." (quoting *Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001))). In addition, Merrell and both parties' attorneys of record are located in the Central District, and Tapestry operates brick-and-mortar locations in the Central District. *See Easton v. Wells Fargo & Co.*, No. 20-CV-02193-HSG, 2020 WL 3639934, at *5 (N.D. Cal. July 6, 2020). Lastly, while both the Northern and Central Districts are likely familiar with the applicable law, the fact that Merrell accessed Tapestry's website in the Central District in attempt to arrange pick-up of his items at a brick-and-mortar location within that District supports the conclusion that the Central District has a stronger interest in the dispute and offers easier access to the evidence. *See Fairchild v. Han*, No. 24-CV-06877-EMC, 2025 WL 637910, at *2 (N.D. Cal. Feb. 27, 2025). In sum, these considerations all favor transfer to the Central District.

Although Merrell argues that judicial economy and court congestion concerns weigh in favor of transfer (Opp. at 5), they do not weigh heavily into the analysis here even if the Court were to conclude that they tipped in Merrell's favor: Merrell has not yet moved for class certification and the hearing on that motion is not scheduled until April 2026. *Cf. Brown*, 2024 WL 2853978, at *3 ("As for court congestion and time of trial, this factor does not weigh significantly into the analysis, as the case remains in the pleading stage, and trial is not scheduled until March 2026.").

* * *

For the foregoing reasons, Tapestry's motion to transfer venue under § 1404(a) is **GRANTED**. The Clerk is directed to transfer this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: September 10, 2025

RITA F. LIN
United States District Judge